A. H. MICHELSEN, Director, Motor Vehicle Division, State Department of Revenue, Appellant (Respondent below),

v.

Hugh Ross GILBERT, Appellee (Petitioner below).

No. 3701.

Supreme Court of Wyoming.

Jan. 31, 1969.

James E. Barrett, Atty. Gen., Lawrence E. Johnson, Chief Sp. Asst. Atty. Gen., Cheyenne, for appellant.

William H. Jackson, of Jackson & Smith, Rock Springs, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Hugh Ross Gilbert was charged under § 31–129, W.S.1957, C.1967, with being in actual physical control of a motor vehicle on December 22, 1967, while under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving. After he had been formally charged and placed under appearance bond, he notified the justice of the peace that he desired to forfeit the bond, and pursuant to the provisions of the statute he surrendered his driver's license to the Motor Vehicle Division, State Department of Rev-

enue, the director thereof notifying him to make proof of financial responsibility under § 31–302, W.S.1957, C.1967,[1] by filing an SR 22 form[2] in that office. Gilbert, who at the time of the arrest had been insured by the State Farm Mutual Insurance Company, tendered an SR 21 form,[3] which was refused as proof of financial responsibility under the provisions of § 31–302. Thereafter, Gilbert filed an application for injunction, and following a hearing, the court granted a preliminary injunction, subsequently restraining the director permanently from "committing any act in an attempt to dispossess Petitioner of the motor vehicle registration and license plates standing in his name."

In the resulting appeal, the director contends that the State under its police power can require a driver of a motor vehicle to furnish proof of financial responsibility in respect to future possible liability; that while § 31–289, W.S.1957, C.1967 (dealing with the suspension of an operator's license and owner's registration in case of an accident unless there is in effect at the time of the accident an automobile liability policy), requires proof of financial responsibility *at the time of the occurrence* of an event, and the information contained on an SR 21 is precisely what is called for by that statute, § 31–302 requires such proof *after the occurrence* of an event, the SR 22 conforming to the requirements of that statute.

Specifically, the director claims the trial court erred in its findings:

"1. That Respondent does not have authority under the law to refuse to accept Petitioner's SR–21 in full compliance with the Motor Vehicle Safety-Responsibility Act of this state, and that he should accept such proof of Petitioner's financial responsibility, as required by Section 31–302, W.S., 1957.

"2. That Respondent does not have authority under the law to require Petitioner to tender an SR–22 in compliance with the requirements of said act and section, for the reason that the criminal penalty for Petitioner's violation of Section 31–129, Wyoming Statutes, 1957, is exclusive, and Respondent cannot impose an additional penalty through the civil statutes of this state.

"3. That Respondent accept Petitioner's SR–21 in compliance with any requirement imposed under Section 31–302, W. S., 1957, of the Motor Vehicle Safety-Responsibility Act."

Gilbert, however, insists that SR 21 and SR 22 are inventions of the insurance companies and cannot be substituted for the specific requirements of the statutes and contends that the real issue is not the choice between which insurance company form should have been used but whether the Director of the Motor Vehicle Division, State Department of Revenue, had authority to demand the filing of an SR 22 as compliance with the requirements of proof of financial responsibility under § 31–302. He points out that according to the "Stipulation of Admitted Facts," which counsel signed:

"The SR–22 form requires a new policy of insurance that is either obtained

---

1. Section 31–302: "(a) Whenever * * * the motor vehicle division * * * suspends or revokes the license of any person upon receiving record of a conviction or a forfeiture of bail, * * * the motor vehicle division shall also suspend the registration for all motor vehicles registered in the name of such person, except that such registration shall not be suspended * * * if such person has previously given or shall immediately give and thereafter maintain proof of financial responsibility with respect to all motor vehicles registered by such person.

(b) Such license and registration shall remain suspended or revoked and shall not at any time thereafter be renewed nor shall any license be thereafter issued to such person, nor shall any motor vehicle be thereafter registered in the name of such person until permitted under the motor vehicle laws of this state and not then unless and until he shall give and thereafter maintain proof of financial responsibility."

2. See appendix.

3. See appendix.

through a high-risk company or through an assigned risk pool, at premium rates substantially higher than rates under a standard liability policy of the kind owned by Petitioner, which filing would result in the cancellation of Petitioner's present policy, and which would require him to keep such new insurance in force for a continuous period of three years from the date of said occurrence."

Gilbert argues that the director is without authority to dictate what type of policy must be purchased and maintained as between a standard one-year policy or a three-year policy purchased from a high-risk company or through an assigned-risk pool, and that by filing the SR 21 and supplying the date of expiration of his standard policy, July 28, 1968, he was under no further obligation, his policy meeting the coverage limits specified in the Act (§§ 31-277—31-315, W.S.1957, C.1967), as shown by the stipulation.

▉▉▉ We cannot agree with Gilbert's contention that the real issue is the director's authority to demand the filing of an SR 22. Of equal importance is the court's order that SR 21 be accepted in compliance with any requirement imposed under § 31-302. It is indeed questionable that the SR 21 tendered by Gilbert can be properly described as a "certificate" within the meaning of § 31-304, W.S.1957, C. 1967.[4] It is not even a statement that there "is" in effect a motor vehicle liability policy. Rather it showed that on December 22, 1967, exactly a month prior to the date of the statement, there *had been* a policy in effect. It did not give the effective date of the policy—although as we have heretofore noted, Gilbert's position is that since this was furnished by other means it is not crucial. The matter of whether or not the form is or is not a "certificate" assumes importance under § 31-307, W.S.1957, C. 1967, since only in the instance where an insurance carrier has certified a motor vehicle liability policy must it give the office of the director at least ten days' notice before the insurance so certified can be cancelled or terminated,[5] which notification enables the Motor Vehicle Division of the State Department of Revenue to comply with § 31-313, W.S.1957, C.1967, "Whenever any proof of financial responsibility filed under the provisions of this act [§§ 31-277 to 31-315] no longer fulfills the purposes for which required, the superintendent [director] shall * * * require other proof * * *." We therefore hold that the district court erred in its findings that the director did not have authority to refuse to accept Gilbert's SR 21 in full compliance with the Act and must accept the SR 21 in compliance with any requirement imposed under § 31-302.

▉▉▉ In view of the stipulation that SR 22 requires a new policy of insurance, we cannot say that the court erred in its second finding. The cancellation of the insurance policy of one whose driver's license has been suspended is apparently a question of

---

4. Section 31-304: "(a) Proof of financial responsibility may be furnished by filing * * * the written certificate of any insurance carrier duly authorized to do business in this state certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. Such certificate shall give the effective date of such motor vehicle liability policy, which date shall be the same as the effective date of the certificate, and shall designate by explicit description or by appropriate reference all motor vehicles covered thereby * * *. (b) No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such motor vehicle is so designated in such a certificate."

5. We do not have information regarding Gilbert's policy, but the logic of the legislature's providing for the submission of a certificate is obvious from a fact of which judicial notice may be taken, i.e., the usual automobile liability policy provides for cancellation after notice to the person insured if his driver's license has been under suspension or revocation at any time during a policy period.

previous contract between the insurer and the insured, and the requirement of insurance companies as to those not permitted to purchase standard policies but forced to obtain high-risk or assigned-risk policies if they wish to have insurance coverage, as well as the period of time for which policies are issued, are matters of contract and not presently governed by statute or, so far as the record shows here, insurance regulations and, accordingly, were not within the province of the court to resolve. On its face SR 22 appears to satisfy the requirements of § 31–302, as the director here claims, and were it not for the stipulation in the instant case that it is the SR 22 in and of itself which makes necessary something other than standard insurance coverage, we would hold that the requirement of the director for the furnishing of this form accomplished the desired purpose and was reasonable. Although under the circumstances of this case the director may not insist on Gilbert's filing an SR 22, he would be remiss in his duties were he not to require Gilbert to furnish a written certificate in conformity with § 31–304.

Since the order of the district court was erroneous, it is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

# APPENDIX

(Original)

**AAMVA UNIFORM
FINANCIAL RESPONSIBILITY FORM**

Official Use Only

Date of Accident: **Dec. 22, 1967**

Place of Accident: **3 Miles south of Rock Springs, Wyo.**

| Description of Vehicle Involved in Accident (Not required if Operator's Policy) | | | | |
|---|---|---|---|---|
| Year of Model | Trade Name | Model | Body Type | Identification No. |
| 55 | Cadillac | | 4 Dr. sedan | 55G_____ |

OWNER: Gilbert, H.R. — Last Name / First / Middle — P.O. Box 1129, Rock Springs, Wyo. — Address

OPERATOR: Gilbert, H.R. — Last Name / First / Middle — P.O. Box 1129, Rock Springs, Wyo. — Address

The company signatory hereto gives notice that its policy numbered **315 102 ___-___**
issued to **Gilbert, H.R. & Genevieve, P.O. Box 1129, Rock Springs** — Name / Address — Wyo.
is an automobile liability policy providing limits of liability at least equal to the limits required by the financial responsibility laws of this state, which policy was in effect on the date of the above described accident
Does this policy apply to the above owner? Yes ☒ No ☐  Above operator? Yes ☒ No ☐

SR-21

State **Wyoming** _____ FINANCIAL RESPONSIBILITY NOTICE OF POLICY

☒ State Farm Mutual Auto. Ins. Co.      ☐ State Farm Fire and Casualty Co.

By _____ Signature of Authorized Representative

Date _____

WC 8000

## SR 22
## WYOMING FINANCIAL RESPONSIBILITY INSURANCE CERTIFICATE

To be filed with the State Highway Department
Cheyenne, Wyoming      Wyoming Dept of Revenue

The company signatory hereto hereby certifies that there is in effect on the effective date of this certificate a motor vehicle liability policy, as defined in the Wyoming Motor Vehicle Responsibility Act, issued by the company to

_____
Name of Insured

_____
Address of Insured

Policy Number _____ Effective from _____ to _____

Effective date of this certificate _____

The insurance hereby certified is as follows:

1. Owner's Policy ☐  applicable with respect to the motor vehicle described herein

| Year of Model | Trade Name | Model | Body Type | Serial No. | Motor No. |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

2. Operator's Policy ☐

Date _____  by _____
Name of Insurance Company
Signature of Authorized Representative

(In the event of cancelation of the insurance certified, 10 days' written notice thereof is to be filed with the State Highway Department)

Wyoming Dept of Revenue